IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **STEPHEN BAKKEN** | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case **2:17-CV-2737** |
| | ) | |
| **SHAWNEE MISSION SCHOOL** | ) | |
| **DISTRICT USD 512** | ) | |
| Serve: Administrative Center, 8200 W. 71st | ) | |
| Street, Shawnee Mission, Kansas 66204 | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL
AND DESIGNATION OF PLACE OF TRIAL**

COMES NOW, Plaintiff Stephen Bakken, ("Bakken" or "Plaintiff"), by and through undersigned counsel, and for his causes of action against Defendant Shawnee Mission School District ("SMSD" or "Defendant") states:

1.      Plaintiff Bakken is an individual and resident of the State of Kansas residing at 2535 SW Buchanan, Topeka, Kansas 66611.

2.      Defendant Shawnee Mission School District, USD 512 is a public-school district organized under the laws and regulations of the State of Kansas, as well as the Kansas Board of Education.

3.      Defendant Shawnee Mission School District USD 512 receives federal financial assistance.

4.      Defendant Shawnee Mission School District USD 512 is an accredited school district in Kansas, with its Administrative Center located at 8200 W. 71st Street, Shawnee Mission, Kansas 66204.

Stephen Bakken v. Shawnee Mission School District

5.    Defendant is an "employer" within the meaning of Title VII, K.S.A. §44-1001, et seq.

6.    During calendar years 2010-2015, for each working day during each of 20 or more calendar weeks, Defendant employed 50 or more employees.

7.    Defendant had at least 15 employees at all relevant times.

8.    This is an action for discrimination in violation of Title VII of the Civil Rights Act, the Americans with Disabilities Act ("ADA") and for violation of the Kansas Age Discrimination in Employment Act.

## JURISDICTION AND VENUE

9.    This Court has original jurisdiction in this action pursuant to 28 U.S.C. Sections 1331 and 1343, 42 U.S.C. Section 1981 and 42 U.S.C. Section 2000e-5, in as much as the matter in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., the Americans with Disabilities Act, as amended in 2008 ("ADA"/ADAAA"), 42 U.S.C. Section 12101 et seq., and the Family Medical Leave Act ("FMLA"). This District possesses venue of this matter pursuant to 42 U.S.C. Section 2000e-5(f) and 28 U.S.C 1391 (b)(1).  The Court may exercise jurisdiction over Plaintiff's state law claims under 28 U.S.C. Section 1367. The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law which rights provide for injunctive relief and other relief for illegal employment discrimination.

10.    Venue is proper in that Defendant is located within the State of Kansas and the acts complained of took place within the State of Kansas.

11.    On or about July 31, 2015, Plaintiff Bakken filed a Charge of Discrimination against Defendant Shawnee Mission School District that was dually filed with the Kansas Human Rights

Commission ("KHRC") and the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based upon age, disability, and retaliation.

12.   A true and accurate copy of the Charge of Discrimination against Defendant SMSD dated July 31, 2015 is attached hereto as **Exhibit "A".**

13.   The aforesaid Charge of Discrimination provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of the EEOC investigation, which could reasonably be expected to have grown out of the Charge of Discrimination.

14.   On or about September 29, 2017, the EEOC issued Plaintiff Bakken his Notice of Right to Sue Letter pertaining to his complaint of discrimination on Charge No. 28D-2015-00651.

15.   A true and accurate copy of Plaintiff Bakken's Notice of Right to Sue Letter dated September 29, 2017 is attached hereto as **Exhibit "B"**.

16.   Plaintiff Bakken has filed his lawsuit within 90 days of his receipt of his "Dismissal and Notice of Rights" letter from the EEOC.

17.   Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

## FACTS COMMON TO ALL COUNTS

18.   Plaintiff hereby incorporates by reference each and every allegation and averment in the preceding and foregoing paragraphs as though fully set forth herein.

19.   Plaintiff Bakken is a 63-year-old male.

20.   Plaintiff Bakken has a disability, has a history of disability, and/or was regarded as being disabled by Defendant Shawnee Mission School District.

21.   Plaintiff Bakken suffers from diabetes, atrial fibrillation, heart disease, and asthma.

22. Defendant SMSD was aware of Plaintiff Bakken's disabilities.

23. Plaintiff was a permanent, full-time employee, in good standing with Shawnee Mission School District from his date of hire on or about October 25, 2010 until his termination on or about February 27, 2015.

24. The last position Plaintiff Bakken held was as a Custodian.

25. Plaintiff Bakken cleaned Shawnee Mission North High School.

26. Shawnee Mission North High School is located at 7401 Johnson Drive, Overland Park, Kansas 66202

27. Plaintiff Bakken was paid $13.30 per hour.

28. In 2013, Plaintiff Bakken informed Daryl Nimz and Greg Keller about his heart problems, heart medications, and his need to occasionally take additional breaks for his heartrate to slow.

29. In 2013, Plaintiff Bakken began to fall into a diabetic coma while at work.

30. Plaintiff had to leave work early that day to be rushed to the hospital in order to be treated.

31. Once leaving the hospital after being in a diabetic coma, Plaintiff had to begin taking insulin while at work.

32. The fact that Plaintiff was taking insulin at work was well known to the entire janitorial staff.

33. Upon his return, Plaintiff Bakken advised Mr. Judd Remmers of his need for additional breaks in order to catch his breath, deescalate his heartrate, and inject insulin, Mr. Remmers responded, "Can you do your job?"

34. Plaintiff Bakken submitted a medical release form from the hospital citing what his

stay was for and authorizing his absences, but his supervisors told him that a medical release was not necessary.

35.    In or around 2014, Plaintiff Bakken made a point to Defendant Shawnee Mission School District management that they needed to make elevators and stairways handicap accessible on each end of the school.

36.    Upon information and belief, after finding out about Plaintiff's disabilities, Defendant SMSD began putting a heavier work load on Plaintiff than on other co-workers.

37.    Upon information and belief, Defendant SMSD also expanded the work area for which Plaintiff Bakken was responsible, ultimately making it much more difficult for him to complete his job duties in a timely fashion.

38.    On or about December 5, 2014, Plaintiff Bakken heard that the custodial job positions were being contracted out.

39.    On or about December 20, 2014, Plaintiff Bakken found out from another custodian their jobs were "up for bid".

40.    On or about December 27, 2014, Defendant Shawnee Mission School District posted the custodial job positions on Craigslist, even though their custodians were still working.

41.    On or about January 2, 2015, Mr. Remmers informed the employees that the Shawnee Mission School District had decided to restructure the custodial department at all five (5) of their high schools.

42.    Plaintiff Bakken was informed that Defendant SMSD had posted applications for each custodial position on their website.

43.    Plaintiff Bakken was told by Daryl Nimz that the custodians needed to reapply

for their jobs, even though they were still working in the positions being advertised.

44.     On or about January 10, 2015, Judd Remmers, Custodial Supervisor for Defendant SMSD, told Plaintiff that the district needed "young fresh blood" to fill the custodial spots.

45.     The new list of custodian job descriptions given to Plaintiff included qualifications such as "must be in good health and physical condition," "neat appearance," and "high energy level".

46.     On or about January 17, 2015, Plaintiff Bakken had his interview with Defendant SMSD for the custodian job he already held at the time.

47.     His interview was conducted by Dustin Bigelow, Operations Supervisor for Defendant SMSD, and Simone.

48.     On or about January 29, 2015, while still working the same custodian position, Plaintiff Bakken heard that his job had been filled by someone new.

49.     On or about February 10, 2015, Plaintiff asked Mr. Remmers what he had done wrong that caused him to be fired.

50.     Mr. Remmers responded that Plaintiff was laid off, not fired.

51.     On or about February 17, 2015, Plaintiff was asked to make the school as clean and shiny as possible before the new hires began work.

52.     On or about February 20, 2015, Plaintiff Bakken asked Mr. Remmers if he was really losing his job to which Mr. Remmers stated again that the district needed "young fresh blood" so Plaintiff was out.

53.     Mr. Remmers confirmed that the advertisement existed and said, "We posted them so we could get some good candidates in here."

Stephen Bakken v. Shawnee Mission School District

Page 6 of 19

54.     On or about February 13, 2015, Plaintiff Bakken was interviewed for the custodian position.

55.     On or about February 27, 2015, Plaintiff Bakken was told by Mr. Remmers that he was not selected for the custodian position and was being let go.

56.     Upon information and belief, several other custodians, all over the age of 40, were laid off as well.

57.     On or about August 11, 2015, Plaintiff Bakken had a doctor's appointment with Tanya Steinlage, APRN, to follow up on his diabetes.

58.     During this appointment, Plaintiff Bakken informed Nurse Steinlage of feeling "down, depressed, and hopeless", having little interest in doing things, and lacking pleasure in doing things.

59.     Nurse Steinlage noted that Plaintiff Bakken mentioned he does not have the ability to check his blood sugar as often as is necessary due to the cost of supplies.

60.     On or about October 20, 2016, Plaintiff Bakken was seen by Psychologist Raymond Burchfield to address his depressive symptoms.

61.     Dr. Burchfield noted that Plaintiff Bakken discussed having multiple losses, his job, his home, and his car, and that Plaintiff felt depressive in his mood with feeling worthless and occasional suicidal ideations.

62.     After his termination, Defendant continued its pattern of discrimination and/or retaliation against Plaintiff by opposing Bakken's request for unemployment benefits.

63.     After his termination, Defendant continued its pattern of discrimination and/or retaliation against Plaintiff by terminating Bakken's benefits, including but not limited to health insurance.

64.      Plaintiff Bakken further was the victim of discriminatory and retaliatory conduct on the part of the Defendant that was ongoing and pervasive and constituted a "continuing violation" of Plaintiff's rights.

65.      Plaintiff Bakken further was the victim of discriminatory and retaliatory conduct on the part of the Defendant that was a continuing pattern of discrimination and/or retaliation.

66.      Upon information and belief, Defendant has engaged in a pattern or practice of discrimination and retaliation against people that are similarly situated to Plaintiff, and Defendant's conduct towards Plaintiff Bakken was a part of this pattern or practice.

**COUNT I**
**VIOLATION OF THE KANSAS ACT AGAINST DISCRIMINATION ACT (KAAD)**

67.      Plaintiff Bakken hereby incorporates by reference each and every allegation and averment in the preceding paragraphs as though fully set forth herein.

68.      The discriminatory and hostile conduct complained of by Plaintiff constituted a continuing action from 2013 to and after his termination.

69.      Defendant Shawnee Mission School District illegally discriminated against Plaintiff and subjected him to a hostile work environment based on his age and disabilities by way of offensive conduct, treatment, and termination.

70.      Defendant knew that Plaintiff suffered from heart disease, diabetes, atrial fibrillation, and asthma.

71.      Defendant treated other employees better and gave more favorable treatment to such employees based on the fact that they did not share the same age or disabilities as Plaintiff Bakken.

72.      Defendant SMSD's actions against Plaintiff were retaliatory in that after she

Stephen Bakken v. Shawnee Mission School District

engaged in activity protected under the KAAD, Defendant took tangible, adverse job actions against Plaintiff, including termination.

73.     Plaintiff Bakken was subjected to harassment, including, but not limited to: intense scrutiny of his work, disrespectful treatment, and degrading and humiliating comments.

74.     All actions or inactions of or by Defendant occurred by or through its owners, agents, servants, or employees acting within the course and scope of their employment.

75.     Defendant's actions constitute unlawful employment discrimination against Plaintiff in violation of the Kansas Act Against Discrimination as alleged herein.

76.     Plaintiff Bakken's age and disabilities were contributing factors in Defendant SMSD's discriminatory conduct against Plaintiff in violation of the Kansas Act Against Discrimination.

77.     Plaintiff further believes that he was the victim of discriminatory conduct on the part of the Defendant that was ongoing and pervasive and constituted a "continuing violation" of his rights.

78.     As a direct result of the unlawful conduct of Defendant's actions, as set forth herein, Plaintiff has suffered loss of past and future wages and benefits, a detrimental job record, career damage and diminished career potential, garden variety emotional distress, and other nonpecuniary losses, all of a continuing and permanent nature.

79.     Defendant Shawnee Mission School District's conduct was outrageous due to its evil motive, malice, and/or reckless indifference for Plaintiff's rights thereby entitling Plaintiff to punitive damages.

80.     Plaintiff is also entitled to recover all his costs, expenses, expert witness fees, and attorneys' fees incurred in this matter.

WHEREFORE, Plaintiff Stephen Bakken prays for judgment against Defendant, for actual, compensatory and punitive damages, all costs, expenses and attorneys' fees incurred herein, for reinstatement and appropriate equitable relief, for interest at the highest lawful rate, and all other relief the Court deems fair and equitable.

## COUNT II
## VIOLATION OF THE AMERICAN WITH DISABILITIES ACT ("ADA"/"ADAAA")

81.     Plaintiff Bakken hereby incorporates by reference each and every allegation and averment in the preceding paragraphs as though fully set forth herein.

82.     Plaintiff incorporates by reference the foregoing paragraphs.

83.     Defendant Shawnee Mission School District subjected Plaintiff Bakken to disparate treatment, harassment, and/or termination as set forth herein, in whole or in part because of his disability and/or his possible need for reasonable accommodations for his disabilities, said acts being made unlawful by the American with Disabilities Act, 42 U.S.C. 12101 et seq. ("ADA"/"ADAAA").

84.     Defendant violated the aforementioned ADA, inter alia, by the following acts:

   a.   Discharging or otherwise limiting, segregating, or classifying Plaintiff in a way that adversely affected the opportunities or status of Plaintiff because of his disabilities and/or requests for accommodation;

   b.   Denying employment opportunities to Plaintiff based on the need of Defendant to make reasonable accommodations for Plaintiff's disabilities;

   c.   Denying employment opportunities to Plaintiff because of his disability and/or requests for accommodation;

   d.   Subjecting Plaintiff to disparate treatment and harassment on the basis of his disability and/or requests for accommodation;

e. Creating and subjecting Plaintiff to a hostile environment based on Plaintiff's disability and/or requests for accommodation.

85. Defendant engaged in said discriminatory practices with malice or reckless indifference to the federally protected rights of Plaintiff.

86. The decision of Defendant Shawnee Mission School District to ignore the requests for accommodations of Plaintiff Bakken and to not even investigate his medical needs suggests awareness of the practice and approval of the practice that would warrant the imposition of punitive damages.

87. As a direct result of the unlawful conduct of Defendant in violation of the ADA, as set forth herein, Plaintiff has suffered damages which include mental anguish, emotional distress, pain and suffering, a detrimental job record, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep and other nonpecuniary losses, all of a continuing and permanent nature, and will continue to suffer in the future.

88. As a further direct and proximate result of Defendant's violation of the ADA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

89. The conduct of Defendant was outrageous and evidenced an evil motive or reckless indifference for the rights of Plaintiff and the rights of others, entitling Plaintiff to an award of punitive damages.

90. Plaintiff is also entitled to recover all his costs, expenses, expert witness fees and attorneys' fees incurred in this matter.

WHEREFORE, Plaintiff Stephen Bakken prays for judgment against Defendant for actual, compensatory and punitive damages, all costs, expenses and attorneys' fees incurred herein, for reinstatement and appropriate equitable relief, for interest at the highest lawful rate, and all other relief the Court deems fair and equitable.

## COUNT III
## RETALIATION, INTERFERENCE, COERCION, AND/OR INTIMIDATION IN VIOLATION OF THE ADA

91.    Plaintiff Bakken hereby incorporates by reference each and every allegation and averment in the preceding paragraphs as though fully set forth herein.

92.    Plaintiff incorporates by reference the foregoing paragraphs.

93.    During the time Plaintiff was employed by Defendant, Plaintiff engaged in protected activity under the ADA and KAAD by invoking the rights and protections of the ADA and KAAD including, but not limited to: requesting and making use of reasonable accommodation for Plaintiff's disabilities, as set forth herein.

94.    Defendant retaliated and discriminated against Plaintiff for engaging in said protected activity, by failing to accommodate Plaintiff's disabilities and subjecting Plaintiff to disparate treatment, harassment, and/or discrimination based on his disability, including termination as set forth herein.

95.    During the time Plaintiff was employed by Defendant, he exercised and/or enjoyed rights granted and/or protected by the ADA, including, but not limited to: requesting and making use of reasonable accommodations for his disability, as set forth herein.

96.    Defendant coerced, intimidated, and/or threatened Plaintiff because he exercised and/or enjoyed rights granted and/or protected by the ADA, as set forth herein.

97.    Defendant interfered with Plaintiff in the exercise and/or enjoyment of rights granted and/or protected by the ADA, as set forth herein.

Stephen Bakken v. Shawnee Mission School District

98.    As a direct result of the unlawful conduct of Defendant's retaliation, interference, coercion, and/or interference in violation of the ADA, as set forth herein, Plaintiff has suffered damages which include mental anguish, emotional distress, pain and suffering, a detrimental job record, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep and other nonpecuniary losses, all of a continuing and permanent nature, and will continue to suffer in the future.

99.    As a further direct and proximate result of Defendant's retaliation, interference, coercion, and/or intimidation in violation of the ADA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff Stephen Bakken prays for judgment against Defendant for actual, compensatory and punitive damages, all costs, expenses and attorneys' fees incurred herein, for reinstatement and appropriate equitable relief, for interest at the highest lawful rate, and all other relief the Court deems fair and equitable.

## COUNT IV
### FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

100.    Plaintiff Bakken hereby incorporates by reference each and every allegation and averment in the preceding paragraphs as though fully set forth herein.

101.    Plaintiff incorporates by reference the foregoing paragraphs.

102.    Plaintiff has disabilities as defined by the American with Disabilities Act, to-wit:

    a.    A physical impairment, to-wit: diabetes and atrial fibrillation, which substantially limits one or more of his major life activities, including, but not limited to:

accomplishment of his daily routines of life, breathing, urinating, producing insulin, proper blood circulation and walking.

b.  A record of such impairment; and,

c.  Defendant regarded Plaintiff as having such an impairment.

103.    Plaintiff Bakken is a qualified individual with a disability as defined by the Americans with Disabilities Act, to-wit: Plaintiff, with reasonable accommodation, is able to perform the essential functions of his employment position with Defendant.

104.    During his employment, Plaintiff made repeated verbal requests for reasonable accommodations for one or more of his disabilities, including, but possibly not limited to: in 2013 and 2014.

105.    Such reasonable requests included, but were possibly not limited to: periodic breaks to catch breath, slow down heart rate, check blood sugar, or inject insulin when necessary.

106.    Prior to the date of Plaintiff's termination, although Defendant told Plaintiff Bakken that he could take short breaks as needed by some supervisors, other supervisors told him that there were already built-in breaks he could use to complete those tasks.

107.    Additionally, when Plaintiff utilized the reasonable accommodations as necessary, he was subjected to humiliating questions and comments by supervisors.

108.    While employed by Defendant, Plaintiff was excluded from participation in, denied the benefits of, and/or subjected to discrimination by Defendant, and by and through its agents, servants, and/or employees, because of his disabilities, said acts including, but not limited to: failing to provide reasonable accommodations for Plaintiff's disabilities and/or withdrawing previously granted reasonable accommodations.

109.    While employed by Defendant, Plaintiff was subjected to discrimination because of his disabilities by Defendant, and by and through its agents, servants, and/or employees, said acts being made unlawful by the Americans with Disabilities Act 42 U.S.C. 12101 et seq., said acts including, but not limited to: failing to provide reasonable accommodations for Plaintiff's disabilities and/or withdrawing previously granted reasonable accommodations.

110.    Defendant engaged in said discriminatory practices with malice or reckless indifference to the federally protected rights to Plaintiff.

111.    As a direct result of the unlawful conduct of Defendant in violation of the ADA, as set forth herein, Plaintiff has suffered damages which include mental anguish, emotional distress, pain and suffering, a detrimental job record, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep and other nonpecuniary losses, all of a continuing and permanent nature, and will continue to suffer in the future.

112.    As a further direct and proximate result of Defendant's violation of the ADA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff Stephen Bakken prays for judgment against Defendant for actual, compensatory and punitive damages, all costs, expenses and attorneys' fees incurred herein, for reinstatement and appropriate equitable relief, for interest at the highest lawful rate, and all other relief the Court deems fair and equitable.

## COUNT V
## VIOLATION OF THE KANSAS AGE DISCRIMINATION IN EMPLOYMENT ACT

113.    Plaintiff Bakken hereby incorporates by reference each and every allegation and

Stephen Bakken v. Shawnee Mission School District

averment in the preceding paragraphs as though fully set forth herein.

114.    Plaintiff incorporates by reference the foregoing paragraphs.

115.    Plaintiff Bakken was at all times material hereto an employee of Defendant Shawnee Mission School District within the meaning of the Kansas Age Discrimination in Employment Act, K.S.A. 44-1111, et. seq.

116.    Defendant SMSD was at all time material hereto an employer within the meaning of the Kansas Age Discrimination in Employment Act, K.S.A. 44-1111 et. seq.

117.    Plaintiff Bakken's age was a determining factor in Defendant SMSD's decision to terminate his employment, in violation of K.S.A. 44-1113(a)(1).

118.    Terminating Plaintiff in part due to his age constitutes a violation of 29 U.S.C. 623a. Said violation was willful, which entitles Plaintiff Bakken to liquidated damages.

119.    As a direct result of the unlawful conduct of Defendant, as set forth herein, Plaintiff has suffered loss of past and future wages and benefits, a detrimental job record, career damage and diminished career potential, garden variety emotional distress, and other nonpecuniary losses, all of a continuing and permanent nature.

120.    The conduct of Defendant was outrageous and evidenced an evil motive or reckless indifference for the rights of Plaintiff and the rights of others, entitling Plaintiff to an award of punitive damages.

121.    Plaintiff is also entitled to recover all his costs, expenses, expert witness fees, and attorneys' fees incurred in this matter.

WHEREFORE, Plaintiff Stephen Bakken prays for judgment against Defendant for actual, compensatory and punitive damages, all costs, expenses and attorneys' fees incurred herein, for reinstatement and appropriate equitable relief, for interest at the highest lawful rate, and all other

relief the Court deems fair and equitable.

## COUNT VI
## VIOLATION OF PUBLIC POLICY

122.    Plaintiff Bakken hereby incorporates by reference each and every allegation and averment in the preceding paragraphs as though fully set forth herein.

123.    Plaintiff incorporates by reference the foregoing paragraphs.

124.    Defendant violated public policy by engaging in discrimination and/or retaliation in violation of federal and state law.

125.    Judd Remmers, Plaintiff Bakken's former manager, supervised and had the power to discipline Plaintiff Bakken.

126.    Defendant's termination of Plaintiff Bakken violates public policy by discouraging other employees from engaging in protected activity, such as seeking reasonable accommodations.

127.    The decision of Defendant to ignore Bakken's accommodation requests and then to terminate Plaintiff in response to such protected activity suggests an awareness of the practice and approval of the practice that would warrant the imposition of punitive damages.

128.    Kansas Courts recognize the termination of an employee for exercising federally protected rights.

129.    The decision of Defendant to terminate Plaintiff Bakken was unlawfully influenced by a desire to fire him as a result of the exercise of his rights.

130.    As a proximate result of Defendant's acts and omissions, Plaintiff Bakken has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress, fear, anguish, humiliation, intimidation, insecurity, embarrassment, lost enjoyment of life; lost wages, benefits, future earnings, and other emoluments of employment.

WHEREFORE, Plaintiff Stephen Bakken prays for judgment against Defendant for actual, compensatory and punitive damages, all costs, expenses and attorneys' fees incurred herein, for reinstatement and appropriate equitable relief, for interest at the highest lawful rate, and all other relief the Court deems fair and equitable.

## PRAYER

As a result of these discriminatory actions and retaliatory termination, Plaintiff Stephen Bakken has been damaged, sustaining economic loss as well as humiliation, embarrassment, and emotional distress, and, as a proximate result of Defendant Shawnee Mission School District's termination of Plaintiff Bakken, his reputation as a faithful, hardworking, loyal and diligent employee has been irreparably damaged.

The retaliatory conduct of Defendant SMSD's wrongful termination of Plaintiff Bakken constitutes a willful, wanton and malicious act.

WHEREFORE, Plaintiff prays for judgment against the Defendant in excess of $200,000.00 for:

    a.    Back pay and value of benefits from date of termination;

    b.    Future loss of pay and fringe benefits from date of termination;

    c.    Compensating damages for the loss of Plaintiffs reputation;

    d.    Damages for mental anguish, humiliation and embarrassment;

    e.    Any other damages allowed by law;

    f.    Punitive damage;

    g.    Attorneys' fees, cost of this action, and for such other and further relief as the court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff Bakken hereby requests a trial by jury on all claims so triable.

**DESIGNATION OF PLACE OF TRIAL**

Plaintiff Bakken designates Kansas City, Kansas as the place of trial.

Respectfully submitted,

/s/ Aaron C. McKee
Aaron C. McKee                    KS # 20889
MCKEE LAW, L.L.C.
222 South Cherry Street
Olathe, Kansas 66061
Phone: (913) 768-6400
Facsimile: (913) 768-6420
aaronmckee@ksmoemploymentlaw.com

**ATTORNEY FOR PLAINTIFF**